IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES W. ROWCLIFF, III,

    Plaintiff/Counter-Defendant,

vs.                                                  CASE NO. 3:10-cv-282/RS-EMT

LUTHER J. RONGSTAD,

    Defendant/Counter-Plaintiff.
_____/

## ORDER

Before me is Plaintiff's Petition for Appointment of a Receiver and Complaint for Damages (Doc. 1) and Memorandum in Support of Petition (Doc. 16), and Plaintiff's Answer (Doc. 6) and Response to Plaintiff's Memorandum in Support and Counter-Petition for Appointment of Receiver (Doc 19).

The imposition of a receiver is a "drastic measure, the detrimental business effects of which should be carefully considered." *SEC v. Spence & Green Chemical Co.,* 612 F.2d 896, 904 (5th Cir. 1980)[1]. Here, neither party has demonstrated that the potential harm and expense of a receiver would be less than that caused by the denial of an appointment. Nor has either party demonstrated a probability of success in the underlying action. *See Feldkamp v. Long Bay Partners*, LLC, 2010 U.S. Dist. LEXIS 66987 (M.D. Fla. 2010) (listing factors courts consider when appointing receivers).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiff's Petition for Appointment of a Receiver (Doc. 1) and Defendant's Counter Petition for Appointment of a Receiver (Doc. 19) are **DENIED**.

**ORDERED** on November 8, 2010

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**